Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_Northern_ District of _Alabama_

_Medule_ Division

)
)                          Case No.    **4:20 - cv-1176 - AKK-HNJ**
_William Teddy Walker_    )
_Plaintiff(s)_            )                          _(to be filled in by the Clerk's Office)_
)
_(Write the full name of each plaintiff who is filing this complaint._    )
_If the names of all the plaintiffs cannot fit in the space above,_        )
_please write "see attached" in the space and attach an additional_       )
_page with the full list of names.)_                                      )
                                                                          )
-v-                                                                       )
                                                                          )
_Wexford Health Sources, Inc._                                            )
                                                                          )
_Karen Stone, M. D._                                                      )
_Defendant(s)_                                                            )
                                                                          )
_(Write the full name of each defendant who is being sued. If the_        )
_names of all the defendants cannot fit in the space above, please_       )
_write "see attached" in the space and attach an additional page_         )
_with the full list of names. Do not include addresses here.)_            )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name                                    WELLIAM TEDDY WALKER

All other names by which
you have been known:

ID Number                               A.I.S. # 308169

Current Institution                     SAINT CLAIR CORR. FABILITY

Address                                 1000 SAINT CLAIR ROAD

                                        SPRINGVILLE   ALA   35146
                                        City              State        Zip Code

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1                         WEXFORD HEALTH SOURCES, Inc

Name

Job or Title *(if known)*               CORPORATION

Shield Number

Employer

Address                                 TWO PERIMETER PARK SOUTH·SUITE 445-EAST

                                        BIRMINGHAM,   AL   35243
                                        City              State        Zip Code

                                        [ ] Individual capacity   [✓] Official capacity

Defendant No. 2                         KAREN STONE, M.D.

Name

Job or Title *(if known)*               MEDICAL DOCTOR

Shield Number

Employer                                WEXFORD HEALTH SOURCES, INC,

Address                                 TWO PERIMETER PARK SOUTH SUITE 445 EAST

                                        BIRMINGHAM,   AL   35243
                                        City              State        Zip Code

                                        [✓] Individual capacity   [ ] Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

☐ Individual capacity        ☐ Official capacity

Defendant No. 4

Name _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

| | | |
|---|---|---|
| *City* | *State* | *Zip Code* |

☐ Individual capacity        ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

*EIGHTH  AMENDMENT -  U.S.  CONSTITUTION*

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE: ATTACHMENT

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐    Pretrial detainee

☐    Civilly committed detainee

☐    Immigration detainee

☐    Convicted and sentenced state prisoner

☐    Convicted and sentenced federal prisoner

☐    Other *(explain)*

## IV.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

SEE: ATTACHMENT

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See    Attachments

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

See    Attachment

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

See    Attachment

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

*KELBY, STATON, SAINT CLAIR PRISON*

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☐ No

☑ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.  If you did file a grievance:

1.  Where did you file the grievance?

PRISON COMMISSIONER- WARDEN

2.  What did you claim in your grievance?

_____

3.  What was the result, if any?

PLAINTIFF WAS THE VICTIM OF DELIBERATE INDIFFERENCE TO KIDNEY DISEASE

4.  What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here:

2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

_____ SEE ATTACHMENT _____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____ FAMILY MEMBERS WROTE LETTERS TO ADOC OFFICIALS _____

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☐ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this
      action?

      ☐ Yes
      ☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is
      more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

      1.    Parties to the previous lawsuit

            Plaintiff(s)    _____

            Defendant(s)    _____

      2.    Court *(if federal court, name the district; if state court, name the county and State)*

            _____

      3.    Docket or index number

            _____

      4.    Name of Judge assigned to your case

            _____

      5.    Approximate date of filing lawsuit

            _____

      6.    Is the case still pending?

            ☐ Yes

            ☐ No

            If no, give the approximate date of disposition.    _____

      7.    What was the result of the case? *(For example: Was the case dismissed?  Was judgment entered
            in your favor?  Was the case appealed?)*

            _____

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your
      imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

[ ] Yes

[ ] No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.    Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.    Docket or index number

_____

4.    Name of Judge assigned to your case

_____

5.    Approximate date of filing lawsuit

_____

6.    Is the case still pending?

[ ] Yes

[ ] No

If no, give the approximate date of disposition _____

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**IX.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    _MARCH 28, 2021_

Signature of Plaintiff    _William Teddy Walker_

Printed Name of Plaintiff    _WILLIAM TEDDY WALKER_

Prison Identification #    _308169_

Prison Address    _1000 SAINT CLAIR CORR. FACILITY_

          _SPRINGVILLE_    _AL_   _35146_

                     _City_                   _State_      _Zip Code_

**B.    For Attorneys**

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Address    _____

                     _City_                   _State_      _Zip Code_

Telephone Number    _____

E-mail Address    _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED

2021 MAR 30  A 10: 48

U.S. DISTRICT COURT
N.D. OF ALABAMA

WILLIAM T. WALKER,
    Plaintiff,

v.

CORIZON,LLC,
WEXFORD HEALTH SOURCES,Inc.,
KAREN STONE,M.D.,
SCOTT BELL,M.D.,
MICHAEL BOROWICZ,D.O.,
RAHIM KASSAMALI,M.D.,
JEFFERSON DUNN,
LEON BOLLING,
    Defendants.

Civil Action
No.:4:20-
-cv-1176-
AKK-HNJ

AMENDED COMPLAINT

Plaintiff, Pro Se, alleges:

1. Plaintiff is a resident citzen of the State of Alabama, County
of Shelby.

2. The Defendants had actual knowledge of the plaintiff's kidney
disease, congestive heart condition and anemia. They knew about
both the kidney disease, heart condition and anemia described
above and the resulting risk to plaintiff's safety. This risk
was longstanding, pervasive, and apparent to any knowledgeable
observer.

3. As a result of the substantial risk of serious harm in the
Alabama Department of Correction, plaintiff had suffered from
a heart attack because his kidneys are not being treated in
accordance with medical protocol.

4. Upon information and belief, officials at Alabama Department of Correction, Corizon,LLC., Wexford Health Sources,Inc., in 2019,2020 and 2021 informed Defendant Karen Stone that the plaintiff was suffering form an untreated kidney disease and and that if plaintiff could be treated by a specialist who could provide the necessary shots to improve his kidney functions that his over-all medical condition would improve.

These requests was made by the plaintiff and denied by DOC officials. Defendants acted with deliberate indifference by engaging in a policy and custom of not treating inmates for kidney diseases prior to place them on (Dialysis).


5. By April, 2019 defendants had failed to take any steps towards treating the plaintiff's kidney disease. As a result of their deliberate indifference , plaintiff was the victim of a heart attack in April, 2019.


FAILURE TO PROVIDE TREATMENT


6. Plaintiff asserts that Defendants  has denied him medical treatment for his kidney disease because the ADOC medical staff is attempting to treat the plaintiff with kidney dialysis rather than providing him access to a kidney transplant and/or provide ( erythropoletin shots.)


7. Plaintiff states that this decision is adversely affecting his long-term survival.


8.  Plaintiff kidney disease have went untreated for several years until he was near death and/or at risk of permanently losing his kidney functions.


9. Plaintiff hereby objects to the medical staff treating him with kidney dialysis on the grounds that delaying treatment, i.e., kidney transplant or shots, puts the plaintiff at serious risk of losing his life because he has anemia and/or at serious risk of permanently losing his kidney functions.


10. Plaintiff is not presently on dialysis.

11. PLaintiff challenges the constitutionality of the Alabama Department of Correction's organ transplant policy. Simply stated on information and belief, the ADOC do not provide organ transplants, and, in the event plaintiff can show he needs a transplant, requires him to demonstrate his ability to pay for the transplant procedure before a furlough for that purpose will be authorized. Given the ADOC's obligation to provide medical care to plaintiff, see 18 U.S.C.§ 4042, denial of a transplant to the plaintiff who needs - but can pay for - a transplant may raise constitutional concerns.

Defendants delay in providing treatment

12. Defendants acts with deliberate indifference when they intentionally delay providing plaintiff with access to medical treatment, knowing that he has a life-threatening condition or an urgent medical condition that would be exacerbated by delay.

13. Immediate treatment to plaintiff's kidney disease might have saved plaintiff's kidneys.

14. Several years delay in medical attention to plaintiff's kidney disease was deliberate indifference because there was a kidney disease that required immediate medical treatment.

15. Plaintiff is in great mental pain and his kidneys do not work properly because of the disease to his kidneys.

I. PARTIES

16. Plaintiff William Teddy Walker is currently an inmate at Saint Clair Correctional Facility.

17. Under Alabama law, defendant Jefferson Dunn is the ADOC Commissioner and is responsible for conditions and operation in the ADOC.
Dunn is also a final policymaker for the ADOC. He is sued in

18. Defendant Leon Bolling is Saint Clair Warden. Bolling is responsible for supervising Saint Clair staff, maintaining inmate safety and sercurity, and responding to inmates requests. Bolling He is sued in his individual capacity.

19. Defendant Corizon, LLC, held the contract with the Alabama Departent of Correction to provide health care related services to Alabama inmates. Corizon, LLC, was under contract with with the Alabama Department of Correction to provide medical care to inmates at ADOC.

20. Defendant Scott Bell, M.D., was previously employed by Corizon, LLC., and Wexford Health Sources, Inc. He is sued in his individual capacity.

21. Defendant Michael Borowicz, M.D., was employed by Corizon, LLC., and Wexford Health Sources, Inc. He is sued in his individual capacity.

22. Defendant Rahim Kassmali, M.D. was employed by Corizon, LLC., and Wexford Haelth Sources, Inc.

23. Defendant Karen Stone, M.D. is an employee of Wexford Health Sources , Inc. She is sued in her individual capacity.

24. Defendant Wexford Health Sources, Inc. is under contract with ADOC to provide medical care to inmates at ADOC.

25. At all times relevant to the events described herein, all defendants have acted under color of state law. Defendants continue to act under color of state law.

## II. FACTUAL ALLEGATIONS

26. On April 7, 2019, the plaintiff was sent to Saint Clair Correctional Facility for dialysis.

27. On April 24, 2020, the plaintiff became very sick and was taken to Saint Clair Infirmary.

28.   Inmate Charles Edward Carter - A.I.S.# 230999, found the plaintiff in a incoherent state of mind and he reported the incident of officer Mattis.

29. The plaintiff felt like he was having a heart attack.

30. The plaintiff was given a (EKG), a blood pressure check at the infirmary.

31. A decision was made by Saint Clair officials to send the plaintiff to Brookwood Hospital.

32. The plaintiff was transported to Brookwood Hospital by ambulance. The paramedics gave the plaintiff (3) three nitro tablets and (4) four 80mg asprins.

33. While at Brookwood Hospital on April 5, 2020, the plaintiff informed the doctor that he had chest pain and he passed (2) kidney stones two weeks prior to his hospitalization. See: Exhibit "A" attached - Brookwood Baptist Medical Center

34. Allergies and Adverse Reactions: Bactrim Exhibit "A"]

35. Discharge Disgnosis: Acute chest pain Exhibit "A"]

36. Plaintiff informed his doctor that his chest pain was due to the drug (Bactrim) Exhibit "A"]

37. COVID test was negative. Exhibit "A"]

38. See: Exhibit "A" - Preliminary Report on page 1 of 4]

" 3. CKD 4: Following and avoiding nephrotoxins. Would not use Bactrim in this patient and I have marked it as an allergy given his presenting symptoms." Page 1 of 4]

39. Assessment/Plan:

1. Chest pain: Planing for outpatient follow. Cardiology has signed off and will resume home medications at the time of discharge.

See: Exhibit "A"]

40. See Exhibit "B" attached - Jackson Hospital.

Medical Records of William Teddy Walker DOB: 10/31/1945

41. The medical records at Jackson Hospital shows that the plaintiff had a stage III chronic kidney disease. Exhibit "B"]

42. Medical records at Jackson hospital on March 3, 2018:

1. Acute-on-chronic congestive heart failure.
2. Chronic kidney disease.
3. Anemia.
4. Hypertenion.

43. The doctors at Jackson hospital started the plaintiff on intravenous dialysis from the ED. Exhibit "B"]

44. An ultrasound of plaintiff's kidneys showed medical renal disease. Exhibit "B"]

45. On March 5, 2019, the plaintiff was interviewed by Doctor Robert A. Avery for anemia. See Exhibit "C" attached - Montgomery Cancer Center]

46. The plaintiff had a blood transfusion April. Exhibit "C"]

47. The plaintiff was sick in March, dx CHF, CKD and anemia. he was admitted one month later. Kidney biopsy not performed. See. Eexhibit "C" page one]

48. While at the Montgomery Cancer Center, the plaintiff and Doctor Robert Avery discussed my various problems. The plaintiff informed Doctor avery about his chronic kidney disease, heart condition and anemia. Exhibit "C"]

(6)

49. Doctor Avery informed the plaintiff that he would arrange for a bone marrow biopsy and pending the result, we would discuss whether or not the plaintiff is a candidate for ( ERYTHROPOLETIN SHOTS) if the anemia is due to chronic kidney disease. See: Exhibit "C"]

50. There was no bone marrow biopsy test performed by Robert Avery or any other doctor on the plaintiff.

51. Since then, the plaintiff has submitted repeated sick call requests and has filed several complaints and grievances requesting medical attention to his kidney disease.

52. When asked about his kidney disease treatment, the plaintiff was told by DOC officials that Dialysis was the only treatment that he would recieve.

53. Doctor Robert A. Avery has informed Saint Clair Medical staff that ( erythropoletin shots ) would improve the plaintiff's kidney function and that his over-all medical condition would improve. See: Exhibit "C"]

54. Defendant Karen Stone is the Medical Director at Saint Clair Correctional Facility. Dr. Stone is an employee of Wexford Health Sources, Inc.

55. Defendant Stone is responsible for medical care generallyand and for arranging for specialized medical care outside the prison

56. After several years, the plaintiff has not recieved no response from the Medical Director, Doctor Karen Stone.

57. After several years, plaintiff's condition continues to deteriorate needlessly because his kidney disease was not treated in accordance with medical protocol.

PREVIOUS LAWSUITS BY PLAINTIFF

58. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

FACTS

59. Plaintiff has exhausted all available administrative remedies regarding the matters described in this lawsuit.

WITNESSES:

60. Kahlan L. Walker - Daughter of the plaintiff.

61. Pamela Ballamy

61. Defendant Jefferson Dunn, Commissioner of Alabama Prisons

63. Defendant Leon Bolling- Warden of Saint Clair Prison

64. Inmate Charles Edward Carter

65. On or about ___Feburary 15 2020___, plaintiff was assigned to and resided at Saint Clair Prison and sleep next to inmate Charles Edward Carter, ( "Carter" ).

66. On several occasions prior to ___January 15th 2021___, plaintiff defendants, Doctor Scott Bell, Michael Borowicz, and Rahim Kassamali, that he feared for his personal health and safety due to a serious kidney disease, and plaintiff requested that he recieve either a kidney transplant or the shots recommended by Doctor Robert Avery.

67. Prior to JANUARY 15 2027 . plaintiff wrote serveral letters to defendants that again informed them of his fear for his personal health and saffety due to his dire need of medical relief for his internal medical complications associated with his related kidney disease and his congestive heart problems.

68. On several occasions , plaintiff informed the defendants that he feared for his personal health and safety due to COVID 19 ( "Covid 19).

69. On March 3, 2018, plaintiff discussed with Defendant Scott Bell at Jackson Hospital his request for either a kidney transplant or take the (erythropoietin shots ), and he notified the plaintiff that the ADOC officials would not provide either a kidney transplant or the shots as treatment to plaintiff's kidney disease.

70. On April 24, 2019, plaintiff became very sick again and this was discovered by inmate Charles Carter and other inmates in dormatory (H). The complaint was made to officer Mattis. Officer Mattis called the infirmary and the infirmary order him to bring the plaintiff to the infirmary. The medical staff at Saint Clair Prison decided to send the plaintiff to Brookwood Hospital by ambulance. While traveling to the hospital, a paramedic gave to plaintiff (3) nitro tablets and (4) 80mg asprins.

71. On March 5, 2019, plaintiff also discussed with Doctor Robert Avery cocerning his dire need of medical relief for his internal medical complications associated with his related kidney function issues and his congestive heart problems to see whether or not he was a candidate for erythropoletin shots if the "anmeia" is due to chronic kidney disease.

72. Despite the severity of his injuries and the excruciating pain plaintiff suffered as a result of theses injuries, no treatment were administered to plaintiff after the diagnoses:

1. Actue kidney injury, superimposed on chronic kidney disease.

73. Notwithstanding the opinion of Doctor Robert Avery's opinion that the differential diagnosis includes anemia due to chronic kidney disease, defendants rufused to administer any treatment to plaintiff kidney disease. Despite plaintiff's repeated request defendant Doctor Karen Stone refued to arrange for any follow-up medical care for his injuries.



74. Plaintiff informed the medical staff at Saint Clair Prison that he had not been taken back to the Montgomery Cancer Center to see Doctor Robert Avery for follow-up treatment for his injuries and to request such treatment, but he never was sent back to the Cancer Center for follow-up care. The only action any member of the prison staff and doctors took with respect to plaintiff's injuries was to advise plaintiff in the future to not avoid going on the dialysis machine.


75. Following his visits to the emergency rooms, plaintiff continues to suffer from physical pain as a result of his injuries. He will continue to suffer needlessly because his underlying kidney issues are not being treated in accordance with medical protocal.


COUNT ONE: BREACH OF DUTY TO PROTECT


76. Defendants exercised deliberate indifference to plaintiff's serious medical needs.


77. Wexford Health Sources, Inc. was directly involved in the plaintiff's injury to his kidneys and his injuries was the result of Wexford Health Sources, Inc. policy and custom.


Claims for Relief


78. The failure of defendants to provide for the a kidney transplant after the kidney disease diagnosis was discovered by Jackson Hospital doctors, follow up examination and treatment of his kidney disease, constitutes deliberate indifference to the plaintiff's serious medical needs in violation the Eight Amendment to the United States Constitution.


79. Corizon, LLC and Wexford Health Sources, Inc. was directly involved in the plaintiff's injuries to his kidneys and his kidney injuries was the result of Corizon, LLC. and Wexford Health Sources, Inc. policy and customs.


(10)

Relief Requested

WHEREFORE, plaintiff requests that the court grant the following relief:

A. Issue a declaratory judgment stating that:

1. Defendants actions in failing to provide medical care for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eight Amendment to the United States Constitution.

B. Issue an injunction ordering defendants Corizon, LLC. and Wexford Health Sources, Inc., or their agents to:

1. Immediately arrange for the plaintiff's need for a kidney transplant, and his kidneys to be examined, by a qualified kidney specialist.

Immediately arrange for the plaintiff's need for kidney disease treatment and/or kidney transplant or other follow-up medical treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration of function of kidneys

2. Carry out without delay the treatment directed by Doctor Robert Avery and Doctor Rafael A. Lopez of Jackson Hospital.

C. Issue an injunction ordering defendant Karen Stone to:

1. Start a process for the potential release of the plaintiff, through the Alabama Medical Furlough Act. 14-14-1, Code of Ala. 1975 and home detention so that he can pay for a kidney transplant at the his own expense.

D. Award compensatory damages in the following amounts:

1. $500,000 jointly and severally against defendants, Bell, Kassamali, Borowicz, Dunn and Bolling for the phyical and emotion emotional injuries sustained as a result of the plaintiff's kidney disease.

2. $1,000,000 jointly and severally against defendants Corizon, LLC. and Waxford Health Sources, Inc. for the punishment and and physical and emotional injuries resulting from their to provide medical care to the plaintiff.


E. Award punitive damages in the following amounts:

1. $500,000 each against defendants


F. Grant such relief as it may appear that plaintiff is entitled.


Respectfully submitted,

[Plaintiff's name] William Teddy Walker
Saint Clair Correctional Facility
1000 Saint Clair Road
Springville, Alabama
35146


Plaintiff- Pro Se


## Certificate of Service


This is to certify that on this 28 TH day of March, 2021, I did serve the Attorney for the defendants by placing a copy of this ( Amended Complaint ) by plaing the same in the U.S. Mail on at Saint Clair Prison, postage prepaid and addressed to hid his mailing address:


Plaintiff-Pro Se

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number |
|---|---|---|

IN THE _U.S. DISTRICT_ _____ COURT OF _NORTHERN DISTRICT_ _____ COUNTY

Plaintiff _WILLIAM T. WALKER_ _____ v. Defendant _WEXFORD HEALTH SOURCES, INC_
_KAREN SPONE, M.D._

NOTICE TO _WEXFORD HEALTH SOURCES- WEBSTER HENRY, P.C. TWO_
_WEXFORD HEALTH SOURCES PERIMETER PARK SOUTH BIRMINGHAM_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION _AL_
TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN _25243_
ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT.
A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF
OR PLAINTIFF'S ATTORNEY _____ WHOSE

ADDRESS IS _____ _WILLIAM TERRY WALKER- AIS #300149_ _____
THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___ DAYS AFTER THIS SUMMONS AND COMPLAINT
WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR
OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action
upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of
_____ pursuant to the Alabama Rules of Civil Procedure.

Date _____ By: _____
                          Clerk/Register

---

☐ Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____
                                                (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to

_____ in _____ - County,

Alabama on _____
              (Date)

Date _____          Server's Signature _____

Address of Server _____     Type of Process Server _____