# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| WILLIAM T. WALKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:20-cv-01176-AKK-NAD |
| CORIZON, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff William T. Walker filed an amended *pro se* complaint pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment claim for deliberate indifference to his serious medical needs in connection with the treatment of his kidney disease and related conditions. Doc. 45. In his amended complaint, Plaintiff Walker named the following Defendants: Corizon, LLC; Wexford Health Sources, Inc.; Jefferson Dunn, the Commissioner of the Alabama Department of Corrections (ADOC); Leon Bolling, the Warden of the St. Clair Correctional Facility; Dr. Karen Stone; Dr. Scott Bell; Dr. Michael Borowicz; and Dr. Rahim Kassamali. Doc. 45 at 2, 12, 14–15.

In response to an order from the court (Doc. 55), Defendants filed six separate special reports, supported by affidavits and other evidence, asserting that they were entitled to summary judgment. Doc. 59; Doc. 60; Doc. 61; Doc. 69; Doc. 70; Doc. 78. On March 14, 2022, Defendants' special reports were construed as motions for

summary judgment. Doc. 80.

On July 29, 2022, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b), recommending that each of the defendants' motions for summary judgment be granted. Doc. 92. Plaintiff Walker timely filed objections to the report and recommendation. Docs. 93 and 94.[1]

As noted in the report and recommendation (Doc. 92 at 2–4, 22–23), this court already has addressed the merits of Walker's claim, having previously denied Walker's motion for a temporary restraining order and a preliminary injunction (Doc. 10), and his motion for emergency assistance (Doc. 32). Doc. 44.

Now, having carefully reviewed and considered *de novo* the materials in the court file, including the report and recommendation, and Walker's objections, the court **OVERRULES** Walker's objections. The court **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. For the reasons stated below, the Defendants' motions for summary judgment (Doc. 59; Doc. 60; Doc. 61; Doc. 69; Doc. 70; Doc. 78) are **GRANTED** and Walker's complaint is **DISMISSED WITH PREJUDICE**.

---

[1] Plaintiff Walker filed one document titled "Objections" (Doc. 93), and another document labeled "Right To Object To Doc. 91-1" (Doc. 94), which the court construes as containing both objections to the report and recommendation and objections filed pursuant to Fed. R. Civ. P. 72(a). Rule 72(a) allows for objections to non-dispositive orders entered by a magistrate judge. Because Walker's second set of objections challenges both the magistrate judge's order denying discovery (Doc. 91), and the magistrate judge's report and recommendation (Doc. 92), the court considers Walker's filing as objecting to both.

## DISCUSSION

The report recommended that the court grant summary judgment in favor of Defendants and dismiss Walker's complaint. Doc. 92. Specifically, the report recommended that Walker's claims against Corizon and Dr. Bell were barred by the statute of limitations (Doc. 92 at 23–25), and that each of Walker's claims failed on the merits because he had failed to show that any custom or policy or the general denial of the treatment to which he believed he was entitled—as opposed to other treatment—amounted to deliberate indifference to his medical needs in violation of his constitutional rights. Doc. 92 at 25–43. In sum, the report recommended that Walker's claims were due to be dismissed because Walker could not establish a constitutional violation based on not receiving his preferred treatment or even—taking all of Walker's facts as true—on simple medical malpractice. Doc. 92 at 25–43.

In his objections, Walker argues that the record shows that the Defendants violated his clearly established constitutional rights. Doc. 93 at 1–2. He also argues that the statute of limitations does not bar any of his claims. Doc. 93 at 2; Doc. 94 at 2–3, 6, 9, 12. Walker asserts that the report and recommendation was "obtained by the employment of illegal tactics by the Defendants' attorney designed to deprive the Plaintiff of his constitutional rights" because evidence purportedly favorable to him was suppressed, and other evidence obtained by unspecified purported fraud

was admitted. Doc. 93 at 2–3. He asserts that he has been denied access to records that would show the cause of his organ damage. Doc. 94 at 2.

Walker also argues that the Defendants knew he was in danger, but provided "grossly inadequate" treatment for his conditions. Doc. 93 at 3–5. Walker includes extensive information about his medical history, which he asserts supports his position that the Defendants committed medical malpractice and that he should have been entitled to different treatment—including erythropoietin shots or a kidney transplant instead of dialysis—for his worsening kidney disease because he has suffered significant and lasting harm. Doc. 94 at 2–13. He further argues that Dr. Stone committed malpractice by giving him Bactrim. Doc. 94 at 3, 5, 9–10.

## I. Walker's objections to the report and recommendation fail to show any constitutional violation.

Reduced to their essence, Walker's objections to the report and recommendation effectively reassert his claims that his constitutional rights were violated by various entities, prison officials, and physicians because he did not receive the treatment that he desired for his kidney disease. Doc. 93; Doc. 94. He also argues that his claims were not barred by the statute of limitations and that Dr. Stone committed malpractice by prescribing him Bactrim, which contributed to the severity of his health problems. Doc. 93; Doc. 94. However, Walker fails to show any error in the report and recommendation's application of the law to the facts of

this case.

As an initial matter, Walker argues that the statute of limitations does not bar any of his claims (Doc. 93 at 2; Doc. 94 at 2–3, 6, 9, 12). However, as the report and recommendation explained (Doc. 92 at 25–29, 34–37; 39–40), Walker's claims that are barred by the statute of limitations also fail, alternatively, on the merits. Accordingly, his objections based on the statute of limitations are overruled.

Walker also argues that his constitutional rights were violated because his medical records show that he suffered severe damage to his kidneys, because he did not receive the transplant or erythropoietin shots that he desired for his kidney disease, and because Dr. Stone committed malpractice by prescribing him Bactrim. Doc. 93; Doc. 94. First, even construing all the facts in Walker's favor and assuming that Dr. Stone did commit medical malpractice by prescribing him Bactrim, that does not amount to a constitutional violation meriting relief under § 1983. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999). As explained further in the report and recommendation (Doc. 92 at 38–39), the record does not provide a basis for finding that Dr. Stone provided treatment so inadequate as to violate Walker's constitutional rights. Thus, Walker's objections regarding Dr. Stone lack merit.

Further, Walker's general objections about the lack of his preferred treatment

5

of erythropoietin shots and a transplant for his kidney disease lack merit. As explained in the report and recommendation (Doc. 92 at 36–37), the Eleventh Circuit has stated in an analogous situation that, "[s]urely the Constitution doesn't require prison authorities to schedule an immediate transplant, even though that might be the most effective, and permanent, solution. Rather, even for an inmate with end-stage renal disease, a regular course of dialysis treatments would doubtlessly pass constitutional muster. And for those whose condition hasn't progressed to near-complete kidney failure, even less aggressive measures—say, monitoring and managing diet and exercise—would presumably suffice." *Hoffer v. Secretary, Fla. Dept. of Corrs.*, 973 F.3d 1263, 1272–73 (11th Cir. 2020).

Further, the Eleventh Circuit has stated that a prisoner cannot establish deliberate indifference where he received care but might have preferred a different type of treatment. *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). Walker makes precisely this type of argument—that he preferred different treatment instead of the dialysis and general management of symptoms that he was offered—which does not suffice to show a constitutional violation. Accordingly, Walker's objections related to the merits of the report and recommendation are overruled.

## II. Walker's objections related to discovery lack merit.

Walker also objects to his inability to obtain all the discovery to which he asserts that he was entitled. Doc. 93; Doc. 94. The court construes these objections

as arising under Federal Rule of Civil Procedure Rule 72(a), which provides for objections to non-dispositive orders from magistrate judges. *See* Fed. R. Civ. P. 72(a). Under Fed. R. Civ. P. 72(a), the party objecting to a magistrate judge's non-dispositive order must show that an order, or a portion thereof, is "clearly erroneous or contrary to law." *Id.*

A district court reviews a magistrate judge's ruling on non-dispositive matters under the "clearly-erroneous" or "contrary-to-law" standard. *Jordan v. Commissioner, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020). Courts have wide discretion in discovery matters, requiring a party show "substantial harm" before an abuse of discretion may be found. *See, e.g.*, *Bradley v. King*, 556 F.3d 1225, 1229 (11th Cir. 2009) ("A district court has wide discretion in discovery matters," but where a district court's denial of additional discovery results in substantial harm to a party's case, an abuse of discretion occurs); *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (holding that discovery rulings may be overturned only with showing of "substantial harm").

Here, Walker was provided multiple opportunities to seek what he believes are missing medical records. In the October 18, 2021 order for special report (Doc. 55), Walker was instructed that any requests for additional discovery must be filed within 30 days from the date of the certificate of service on the special report. Doc. 55 at 6. The final special report was filed by Defendant Bell on January 11, 2022.

Doc. 78. Accordingly, Walker had until February 11, 2022, to seek leave for additional discovery. Although Walker filed six responses in that time frame, he sought no discovery.

Further, Walker seeks access to records that he asserts would show that his kidney disease began while he was imprisoned, and that he should have been entitled to different treatment in the form of erythropoietin shots or a kidney transplant. Doc. 94. However, as discussed above, the denial of Walker's preferred form of treatment does not amount to a constitutional violation (*see supra* Part I). Therefore, Walker also cannot show any substantial harm from the denial of discovery. *See Bradley*, 556 F.3d at 1229.

Accordingly, Walker has not shown that the denial of the hypothetical discovery that he mentions in his objections was clearly erroneous or contrary to law. *See Jordan*, 947 F.3d at 1327. Therefore, his objections relating to discovery are overruled.

## CONCLUSION

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and Walker's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report and **ACCEPTS** the recommendation. The court **EXPRESSLY FINDS** that there are no genuine issues of material fact and that the defendants are entitled to judgment in

8

their favor as a matter of law.  Accordingly, the court will enter a separate **ORDER** that Defendants' motions for summary judgment (Docs. 59, 60, 61, 69, 70, and 78) are **GRANTED**.

    A Final Judgment will be entered.

    **DONE** the 29th day of August, 2022.

                                                    **ABDUL K. KALLON**
                                                UNITED STATES DISTRICT JUDGE